CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 20 2015

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| OWAIIAN M. JONES, | ) | CASE NO. 7:15CV00557 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MICHAEL F. URBANSKI, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

Owaiian Jones, a Virginia inmate proceeding pro se, filed this civil rights action, which the court construes as arising under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. § 1331. Jones asserts unspecified claims against the defendant, a United States District Judge whom Jones wishes to impeach for unstated reasons. The court concludes that the action must be summarily dismissed under 28 U.S.C. § 1915(g), based on Jones' prior frivolous lawsuits.

All prisoner litigants must pay civil filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. 28 U.S.C. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Upon a review of court records, it appears that Jones had at least three non-habeas civil actions or appeals dismissed as frivolous, as malicious, or for failing to state a claim before he commenced this action. See, e.g., Jones v. United States of America, No. 7:14-cv-00410, slip op. at 2-3 (W.D. Va. Aug. 6, 2014), appeal dismissed as frivolous, No. 14-7188, slip op. at 2 (4th

Cir. Dec. 16, 2014); Jones v. United States District Court for the Western District of Virginia, No. 7:14-cv-00499, slip op. at 2 (W.D. Va. Sept. 30, 2014); see also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)). Inasmuch as Jones' allegations fail to demonstrate that he is in imminent danger of serious physical injury, the court dismisses this action without prejudice for his failure to pay the filing fee when filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of October, 2015.

/s/ Glen Conrad
Chief United States District Judge